Filed 4/16/26  P. v. Miller CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN DREW MILLER,<br><br>    Defendant and Appellant. | B343698<br><br>Los Angeles County<br>Super. Ct. No. PA039139 |

APPEAL from an order of the Superior Court of Los Angeles County, Alison S. Matsumoto, Judge.  Remanded for resentencing.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jonathan M. Krauss and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

In this postconviction appeal from a Penal Code section 1172.75 resentencing order, the parties agree that remand for a full resentencing hearing is warranted.[1]  We agree with the parties.

## BACKGROUND

In 2002, after a jury trial, the trial court sentenced appellant John Drew Miller to 48 years to life in state prison under the Three Strikes law.  This sentence included a one-year prior prison term enhancement imposed under section 667.5, subdivision (b), an upper term sentence on a burglary conviction (§ 459), and an upper term firearm enhancement imposed under section 120225, subdivision (a).

Decades later, following the passage of Senate Bill No. 483 (Stats. 2021, ch. 728) (SB 483), the trial court held a resentencing hearing for Miller under section 1172.75.[2]  At that hearing, the

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     "Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation that a defendant served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681, citing former § 667.5, subd. (b).)  "Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) [ ] (Stats. 2019, ch. 590) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*).)  "Enhancements based on prior prison terms served for other offenses became legally invalid." (*Ibid.*)  The Legislature later enacted SB 483, effective January 1, 2022, to make the changes implemented by Senate Bill No. 136 retroactive by adding former

court struck the prior prison term enhancement and, in total, reduced Miller's sentence from 48 years to life to 36 years to life in state prison. The court reimposed the upper term sentences on Miller's burglary conviction and firearm allegation. Miller timely appealed.

## DISCUSSION

On appeal, Miller argues that his case should be remanded for resentencing because the trial court erroneously concluded it did not have the authority to consider his motion under *People v. Superior Court* (*Romero*) 1996 13 Cal.4th 497 at his section 1172.75 resentencing hearing. The Attorney General contends the record is ambiguous regarding whether the trial court erroneously concluded it could not consider Miller's *Romero* motion, but agrees that remand is warranted to ensure the trial court properly considers the motion. We agree with Miller's reading of the record. It appears the trial court declined to consider Miller's *Romero* motion because it concluded that doing so would amount to an unconstitutional amendment to the Three Strikes Reform Act of 2012.

We disagree with the trial court's conclusion that considering Miller's *Romero* motion would violate the Three Strikes Reform Act. "A trial court has the authority to strike

---

section 1171.1 (now section 1172.75) to the Penal Code. (*Burgess*, *supra*, at p. 380, citing Stats. 2021, ch. 728, § 1.) Section 1172.75, subdivision (c) requires the trial court, upon being properly notified that a defendant is serving a sentence that includes a legally invalid prior prison term enhancement (see § 1172.75, subd. (b)), to recall the sentence and resentence the defendant.

3

prior strikes under section 1385(a) and *Romero* at a section 1172.75 hearing." (*People v. Rogers* (2025) 108 Cal.App.5th 340, 345 (*Rogers*).) "Because a trial court's power under section 1385(a) to dismiss or strike a strike prior is independent of either the Three Strikes law or the subsequent [Three Strikes] Reform Act, any exercise of that power at a resentencing proceeding under section 1172.75 does not offend either." (*Rogers*, at p. 362.) On remand, the trial court is directed to hold a resentencing hearing under section 1172.75 and consider Miller's *Romero* motion.

The parties disagree over whether the trial court's reimposition of the upper term sentence based on aggravating factors not found true beyond a reasonable doubt or admitted by Miller violated his Sixth Amendment rights. Courts of Appeal are split on this issue, and it is currently pending in the California Supreme Court in *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903 (*Eaton*).[3]

Consistent with our division's prior unpublished decisions, we conclude the plain language of section 1172.75, subdivision (d)(4) expressly permitted the trial court to reimpose the upper term in the manner it did. Subdivision (d)(4) states: "*Unless the court originally imposed the upper term*, the court may not

---

[3]     The issue on review in *Eaton* is: "May a trial court reimpose a previously imposed upper term sentence under Penal Code section 1172.75, subdivision (d)(4) where the facts underlying one or more aggravating circumstances were neither stipulated to by the defendant nor found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial (cf. Pen. Code, § 1170, subd. (b)(2); *id.*, § 1172.75, subd. (d)(2))?"

4

impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(3), italics added.) The trial court complied with this clear statutory language and thus did not err in reimposing upper term sentences. (See *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458 (*Brannon-Thompson*) [Section 1172.75, subdivision (d)(4) "does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed"]; accord *People v. Mathis* (2025) 111 Cal.App.5th 359, 371–374; but see *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 329–330 [concluding that following *Brannon-Thompson's* reading of the statute would violate the Sixth Amendment].)

On remand, the trial court has jurisdiction to consider Miller's *Romero* motion and every aspect of Miller's sentence. This means the court may consider its full range of sentencing options, including whether it would serve the interest of justice to reimpose the upper terms or to instead impose different terms on the burglary count and the firearm allegation. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Coddington* (2023) 96 Cal.App.5th 562, 568.)

## DISPOSITION

The case is remanded for a resentencing hearing. At that hearing, the trial court is directed to consider its full range of lawful sentencing options, including whether to grant or deny Miller's *Romero* motion. We express no opinion on whether the

trial court should grant Miller's *Romero* motion or otherwise further reduce his sentence.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

TAMZARIAN, J.

We concur:

ZUKIN, P. J.

COGLIATI, J.*

---

\*      Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.